UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 22-23192-CIV-ALTONAGA/Damian

Pablo Roger,

                          Plaintiff,

-v.-

GC Services Limited Partnership,

                          Defendant.

---

**PLAINTIFF'S UNOPPOSED MOTION TO REOPEN/REINSTATE WITH INCORPORATED MEMORANDUM OF LAW**

---

Now comes Plaintiff Pablo Roger, by and through the undersigned counsel and files this Motion to Reopen/Reinstate and states:

1. This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") in attempting to collect an unpaid debt from Plaintiff.

2. Plaintiff filed his Complaint on September 30, 2022 (DE 1).

3. Defendant GC Services Limited Partnership responded to the Complaint by filing a Motion to Dismiss on October 26, 2022. (DE 5).

4. Plaintiff filed his response to Defendant's Motion to Dismiss on November 9, 2022. (DE 14).

1

5. Defendant filed its reply papers in regard to its Motion to Dismiss on November 16, 2022 (DE 15).

6. Accordingly, the dispositive Motion to Dismiss was fully briefed as of November 16, 2022.

7. After the Motion to Dismiss had already been fully briefed, this Court directed the parties to submit a proposed order scheduling mediation to take place on or before March 27, 2023, with said filing being due on December 2, 2022. (DE 16).

8. Due to an error of communication between the associate handling day to day issues with the case, along with Defendant's counsel's refusal to reach any formal agreements with anyone other than the lead counsel of record, Plaintiff's counsel inadvertently missed the deadline to confer with Defendant's counsel and file the necessary schedule.

9. As a result of such error, this Court dismissed the action without prejudice on December 5, 2022 due to the failure to timely file the mediation schedule as directed. (DE 18).

10. After this Court's Order dismissing the complaint and Denying Defendant's Motion to Dismiss as moot, Plaintiff's counsel attempted to discuss the possibility of agreeing to a mediator and a date for the mediation with Defendant's counsel.

11. To that end, Plaintiff's counsel conferred with a set of mediators suggested by Defendant's counsel to attempt to have an agreed upon date for the mediation prior to filing the instant motion.

12. At that time, Plaintiff's counsel was advised that only one of the mediators that could be agreed upon had any availability within the Court's proscribed deadlines for completing mediation.

13. As a result, Plaintiff's counsel then acquired a tentative date of March 16, 2023 at noon, which would have complied with the Court's prior Order as to the deadline for completing the mediation.

14. After having requested that such date be held by the mediator, Plaintiff immediately reached out to Defendant's counsel to discuss the same.

15. However, Defendant's counsel stated "I'm going to need April or May dates; I'm due any day with my second child and will be out on maternity leave."

16. As a result, no date could be agreed upon that would comply with the Court's prior Order.

17. Based on the foregoing facts, Plaintiff respectfully requests that the instant matter be reopened/reinstated.

18. A court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' . . . the determination is at bottom an equitable one, taking account of all relevant circumstances

surrounding the party's omission." *Pioneer Investment Services v. Brunswick Assoc. Ltd. Partnership.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

19. In the instant matter, the interests of equity necessitate the reinstatement of the instant claim.

20. Plaintiff respectfully submits that through the excusable law office neglect of counsel, including the miscommunication between the associate working on the file and lead counsel, Plaintiff inadvertently failed to comply with the Court's Order.

21. As noted above, Defendant has already filed a Motion to Dismiss which is fully briefed before this Court.

22. As such, Defendant would not be prejudiced by the granting of the motion to reinstate as its position would not change.

23. Additionally, as noted, in preparation for the drafting of the instant motion, Plaintiff's counsel attempted to contact Defendant to schedule a tentative mediation date which would have complied with the Court's prior Order.

24. However, in response to the same, Defendant's counsel indicated that she would require dates that exceeded the Court's aforementioned deadline. As a result, even without Plaintiff's excusable neglect regarding the timely selection of a mediator, one could not have been agreed to by the parties within the deadline set by the Court based on the statements from Defendant's counsel.

25. Therefore, the parties positions would not have substantially changed had the selection of a mediator been completed as directed and thus Defendant would experience no prejudice by the granting of the instant motion.

26. Furthermore, Plaintiff will be prejudiced if he is forced to pay another $400.00 filing fee to re-file this action where she served the Defendant successfully within the time afforded by the Court.

27. To that end, it is noted that as this matter was dismissed without prejudice, Plaintiff does have the right to refile this action within the statute of limitations.

28. While the debt collection letter at issue is not dated, upon information and belief, the statute of limitations would not expire until approximately August 22, 2023.

29. Additionally, as noted, the parties do still need to select a mediator.

30. Based on the issues discussed above, Plaintiff requests that the parties be permitted an additional 14 days from the granting of the instant motion to select a mediator who will have availability within this Court's deadline for completing the same.

31. Attached is a proposed Order granting the instant Motion.

## Memorandum of Law In Support

Federal rule of Civil Procedure 60(b) allows a court to relieve a party from an order or judgment on various ground. *Fed. R. Civ. P. 60(b).* Specifically, Rule 60(b)(1) provides that courts may afford relief for "mistake, inadvertence, surprise, or excusable

neglect." *Fed. R. Civ. P. 60(b)(1)*. While "excusable neglect" is not defined within the Federal Rules, the Supreme Court has made clear that excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is U.S. attributable to negligence." *Pioneer Inv. Servs. V. Brusnwick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993); *see United States v. Davenport*, 668 F. 3d 1316, 1324 (11th Cir. 2012).

"At least for the purposes of Rule 60(b), excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer*, 507 U.S. at 394. The Supreme Court further noted that in determining whether a failure to comply with a filing deadline constitutes excusable neglect, the Court must consider the equity of the situation, including "taking [into] account [] relevant circumstances surrounding the party's omission." *Id.* at 395. The following factors are all relevant to the determination of excusable neglect: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

This Circuit has recognized that "the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)(citing to *Pioneer*, 507 U.S. at 397-98). In that matter, the 11th Circuit found that the failure to comply with the district court's prior order based on a failure in communication between the associate attorney and the lead counsel to constitute excusable neglect, noting that while the same was within the control of the plaintiff's counsel, "their noncommunication and resulting inaction

6

amounts only to an omission caused by carelessness." *Cheney*, 71 F.3d 850 (internal quotations omitted)(quoting *Pioneer*, 507 U.S. at 388). Accordingly, the failure to comply was attributed to negligence and without an allegation that the intent was to "delay the trial" or to otherwise seek an advantage, the 11th Circuit found that the same was an innocent oversight by counsel and thus there was "no bad faith that would warrant forfeiture of Cheney's right to a full trial of his cause." *Cheney*, 71 F.3d 850. Accordingly, the 11th Circuit found that the neglect of plaintiff's counsel was excusable based on "the lack of prejudice to [the defendant], the minimal degree of delay and the reason therefor, and the lack of impact on the judicial proceedings, when coupled with the lack of bad faith on the part of [the plaintiff]." *Id.*

The instant matter is substantially similar to that of *Cheney*. Specifically, the error in timely conferring with Defendant's counsel to select a mediator was related to miscommunication between an associate managing the claim and the lead attorney who actually filed the Complaint. Additionally, as noted, there will be a lack of prejudice to Defendant in this matter. As an initial matter, Defendant has already filed a motion to dismiss which is fully briefed and this Court can rule upon the same without any harm to Defendant. Furthermore, Defendant's counsel expressed an inability to agree upon a date, even tentatively, as related to the filing of the instant motion, which would have complied with the Court's prior Order. As a result, the positions of the parties will not be changed by the granting of the instant motion. Similarly, the delay created by Plaintiff's failure to comply with the deadlines is minimal, particularly in light of Defendant's counsel's indication that it would not be able to proceed with mediation

7

within the timeframe set by the Court. Finally, there was a complete lack of bad faith by Plaintiff who stood to gain nothing as a result of the error in timely selecting and notifying the Court of the selection of a mediator. Conversely, as this matter was dismissed without prejudice, and the statute of limitations has not expired, Plaintiff is still entitled to refile the action. However, forcing Plaintiff to do so will not only create prejudice to Plaintiff in the additional filing fees, but the same would similarly prejudice Defendant as Defendant's counsel would have to expend additional time, money, and resources to respond to the refiled claim.

Pursuant to the foregoing, Plaintiff respectfully requests that the instant motion to reopen/reinstate be granted in its entirety.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court issue an Order Reinstating this Case to the Active Docket, and Plaintiff further respectfully requests that the parties be permitted an additional 14 days to select a mediator who will have availability within this Court's deadline for completing the same.

### Certificate of Conference

The undersigned attorney hereby certifies that counsel for Plaintiff, in accordance with Local Rule 7.1(a)(3) conferred with counsel for Defendant regarding the relief requested in this Motion, and Defendant's counsel is unopposed to the same.

Dated: January 10, 2023               Respectfully Submitted,

                                                       **ZEIG LAW FIRM, LLC**
                                                       /s/ Justin Zeig
                                                       Justin Zeig, Esq.
                                                       3475 Sheridan St. Ste 310

>Hollywood, FL 33021
>Telephone: (754) 217-3084
>Facsimile: (954) 272-7807
>justin@zeiglawfirm.com
>*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                              /s/ *Justin Zeig*
                                              Justin Zeig, Esq.