UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23192-CIV-ALTONAGA/Damian

PABLO ROGER,

    Plaintiff,
v.

GC SERVICES LIMITED
PARTNERSHIP,

    Defendant.
_____/

### ORDER

**THIS CAUSE** came before the Court on Defendant, GC Services LP's Motion to Dismiss Plaintiff's Complaint [ECF No. 5], filed on October 26, 2022. Plaintiff, Pablo Roger, filed a Response [ECF No. 14], to which Defendant filed a Reply [ECF No. 15]. The Court has considered the Complaint [ECF No. 1], the parties' written submissions, and applicable law. For the following reasons, the Motion is granted in part and denied in part.

### I. BACKGROUND

This case arises from a single debt collection letter. Plaintiff alleges Defendant sent him a defective and misleading letter (the "Letter") to collect on a debt. (*See* Compl. ¶¶ 29–33). The Letter was undated, causing Plaintiff to be "misled" regarding the debt. (*Id.* ¶ 33). Plaintiff alleges that Defendant's failure to date the Letter violated various provisions of the Fair Debt Collection Practices Act (the "FDCPA"). (*See generally* Compl.).

Plaintiff is a Florida resident who, at some point prior to December 31, 2021, incurred a debt to Wells Fargo Bank, N.A. (*See id.* ¶¶ 7, 21). Defendant is a debt collection company whose

primary business "is to attempt to collect debts alleged to be due to itself or another." (*Id.* ¶¶ 8–9).

Defendant tried to collect the debt owed to Wells Fargo by mailing Plaintiff the Letter during the month of August 2022. (*See id.*, Ex. A, Letter [ECF No. 1-1] 2; Mot. 6–7 (stating the Letter was "mailed to Plaintiff on or about August 18, 2022")).[1] The Letter warned Plaintiff that he had an outstanding debt to Wells Fargo, which Defendant sought to collect. (*See generally* Letter). The Letter informed Plaintiff that "[a]s of December 21, 2021, [he] owed" $4,111.78. (*Id.* 2 (alterations added)). It also stated that "[b]etween December 31, 2021 and today[,]" he had been charged $0.00 "in interest" or "in fees[,]" and he was "paid or [] credited" $0.00 toward the debt. (*Id.* (alterations added)). The Letter summed up the "[t]otal amount of the debt now" as $4,111.78. (*Id.* (alterations added)).

The Letter provided Plaintiff information regarding how he might dispute the debt, as well as the timeline for doing so. (*See id.*). Plaintiff was instructed to "[c]all or write to [Defendant] by September 30, 2022" if he wished to "dispute all or part of the debt[;]" otherwise Defendant would "assume that [its] information [was] correct." (*Id.* (alterations added)). The Letter further informed Plaintiff that, should he reach out to Defendant to dispute the debt or other information in the Letter, Defendant "must stop collection until [it] sent[t] [Plaintiff] information [showing] [Plaintiff] owe[s] the debt." (*Id.* (alterations added)).

According to Plaintiff, because the Letter was undated, it was impossible "to determine from the Letter which date 'today' and 'now' refer to[.]" (Compl. ¶ 32 (alteration added)). This alleged "with[olding] [of] a material term" of the debt made the Letter "seem illegitimate[,]" "suspicious [and] "misleading," and ultimately caused Plaintiff to "expend[] time and money in

---

[1] The Court relies on the pagination generated by the Case Management/Electronic Case Files system, which appears in the header on all filings.

an effort to mitigate the risk of future financial and reputational harm[.]" (*Id.* ¶¶ 35, 37, 39, 58 (alterations added)). Plaintiff filed his Complaint on September 30, 2022 seeking relief from Defendant's allegedly illicit "debt collection practices[.]" (*Id.* ¶ 63 (alteration added)).

Plaintiff alleges that Defendant's failure to date the Letter violated four sections of the FDCPA. (*See id.* ¶¶ 64–85). First, Plaintiff asserts that the Letter's omission of the date "harass[ed], oppress[ed] or abuse[d]" [him] in connection with the collection of a debt[,]" in violation of 15 U.S.C. section 1692d ("Count I"). (*Id.* ¶ 66 (alterations added)). Second, Plaintiff alleges the described conduct was a "false, deceptive, or misleading representation or means in connection with the collection of [the] debt[,]" in violation of section 1692e ("Count II"). (*Id.* ¶ 71 (alterations added)). Third, Plaintiff states the conduct was an "unfair or unconscionable means to collect" the debt, in violation of section 1692f ("Count III"). (*Id.* ¶ 76). And fourth, Plaintiff alleges the Letter failed to provide the necessary information required by section 1692g ("Count IV"). (*See id.* ¶¶ 80–85).

Defendant now moves to dismiss the Complaint for failure to state a claim to relief. (*See generally* Mot.). Defendant argues that the Letter does not violate any provision of the FDCPA, because it "fully and accurately stated the amount of the debt and otherwise complied with all requirements of the [statute]." (*Id.* 5 (alteration added)). Most importantly — according to Defendant — the Letter "conforms exactly to" the model form letter (the "Model Form") for debt collection communications provided by the Consumer Financial Protection Bureau (the "CFPB") under 12 C.F.R. section 1006.34(d)(2). (*Id.* 13). Defendant insists that this compliance necessarily means it is sheltered within the safe harbor that CFPB regulations provide to debt collectors who use the Model Form. (*See id.* 10–11). Even if that were not the case, Defendant further argues that it is not a violation of the FDCPA for the Letter to not be dated. (*See id.* 13).

3

In response, Plaintiff asks the Court to ignore the CFPB's safe harbor provision and asserts that the existence of the undated Letter suffices to state plausible FDCPA claims. (*See generally* Resp.).

## II. LEGAL STANDARD

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading withstands a motion to dismiss if it alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). A complaint's "well-pled allegations must nudge the claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

CASE NO. 22-23192-CIV-ALTONAGA/Damian

### III. DISCUSSION

Defendant urges the Court to dismiss the Complaint primarily on the ground that the Letter "conforms exactly to [the] Model Form" at 12 C.F.R. section 1006.34(d)(2). (Mot. 10 (alteration added)). Defendant further argues that the Model Form aside, no provision of the FDCPA requires that the Letter be dated. (*See id.* 5).

The Court agrees with Defendant in part. Plaintiff has not plausibly alleged a violation of 15 U.S.C. section 1692d, and Count I is due to be dismissed. But that is the extent of the Court's agreement; Plaintiff's other three claims survive. Defendant's reliance on the Model Form overstates both the meaning and scope of the regulatory safe harbor provided by the CFPB. And under the "least-sophisticated consumer" standard, Plaintiff has alleged plausible claims for relief in Counts II, III, and IV. The Court explains.

A. **Applicable Statutes and Regulations**

To start, the FDCPA governs this action. Plaintiff alleges violations of that statute, while Defendant insists that it has complied with both the statute and its corresponding regulatory provisions. Further, Plaintiff is a "consumer" protected by the FDCPA; the debt is covered by the FDCPA; Wells Fargo is a "creditor" under the FDCPA; and Defendant is a "debt collector" under the FDCPA. (Compl. ¶¶ 8; 23–25). Neither party disputes that the FDCPA controls. (*See generally* Mot.; Resp.).

The FDCPA protects consumers from "abusive, deceptive, and unfair debt collection practices[,]" and is meant to "eliminate" those practices "by debt collectors[.]" 15 U.S.C. §§ 1692(a), (e) (alterations added)). As relevant here, the FDCPA prohibits debt collection tactics that "harass, oppress, or abuse" the debtor, *id.* § 1692d; are "false, deceptive, or misleading

representation[s] or means in connection with [a] [debt's] collection[,]" *id.* § 1692e (alterations added); or are "unfair or unconscionable means to collect or attempt to collect" a debt, *id.* § 1692f.

In addition to the preceding prohibitions, the FDCPA also requires that a notice of debt sent by a debt collector provide certain information regarding the debt and a debtor's rights to dispute it. *See id.* § 1692g. The required information includes the "amount of the debt[]" and "the name of the creditor[.]" *Id.* §§ 1692g(a)(1)–(2) (alterations added). Section 1692 also requires the notice to state a debtor's rights to dispute the debt amount or creditor information "within [30] days after receipt of the notice[.]" *Id.* § 1692g(a)(3) (alterations added). Should a debtor do so, the debt collector shall obtain and provide the necessary evidence to verify the notice, *see id.* §§ 1692g(a)(4)–(5); and the collector "shall cease collection . . . until [it] obtains verification" of such and provides it to the debtor, *id.* § 1692g(b) (alterations added). Finally, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the [debtor]'s right to dispute the debt or request the name and address of the original creditor." *Id.* (alterations added).

The FDCPA is not the only authority governing the interaction between creditors, debtors, and debt collectors. The Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, 124 Stat. 1376 (2010), established the CFPB, an executive agency "authorized to exercise its authorities under [f]ederal consumer financial law to administer, enforce, and otherwise implement the provisions of [f]ederal consumer financial law." 12 U.S.C. § 5512(a) (alterations added). The CFPB has implemented certain regulations interpreting the FDCPA's statutory requirements, *see generally* 12 C.F.R. § 1006, including regulations interpreting each FDCPA statutory provision Plaintiff alleges Defendant violated, at: 12 C.F.R. section 1006.14, interpreting 15 U.S.C. section 1692d; 12 C.F.R. section 1006.18, interpreting 15 U.S.C. section

1692e; 12 C.F.R. section 1006.22, interpreting 15 U.S.C. section 1692f; and 12 C.F.R. section 1006.34, interpreting 15 U.S.C. section 1692g.

Defendant relies primarily on 12 C.F.R. section 1006.34 (*see generally* Mot.), and thus the Court focuses its attention there. Section 1006.34 expands on the notice requirements listed in 15 U.S.C. section 1692g and provides more specific instructions regarding the necessary information — referred to as the validation information — that a debt collector must provide a debtor. *See generally* 12 C.F.R. § 1006.34. This includes the debt's amount, the original creditor, and a debtor's rights to dispute the debt. *See generally id.* Most relevant here, section 1006.34 contains a safe harbor provision. *See id.* § 1006.34(d)(2). The safe harbor provides a Model Form for debt collectors to use that "contains the validation information required by" the regulations. *Id.* § 1006.34(d)(2)(i). If a debtor collector uses the Model Form, it has "complie[d] with the information and form requirements of [section 1006.34]. *Id.* (alterations added).

  B. <u>**The Model Form**</u>

To escape potential liability, Defendant relies primarily on the fact that it used the Model Form from section 1006.34(d)(2)(i). (*See generally* Mot.). According to Defendant, because "the Letter is encompassed in the safe harbor and the Letter is not in violation of the FDCPA[,]" Defendant cannot be liable under any provision of the statute. (*Id.* 10 (alteration added)). Plaintiff, by contrast, argues that the CFPB's regulations, including the safe harbor provision, erroneously interpret the FDCPA's unambiguous statutory language, and so the Court need not defer to them under *Chevron USA v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). (*See generally* Resp. 9–15).

The parties' competing arguments about the validity of the CFPB's regulations largely miss the point. Plaintiff does not allege that Defendant violated any CFPB regulations; he alleges violations of the FDCPA. (*See generally* Compl.).

Admittedly, 12 C.F.R. section 1006.34 was "intended to clarify [section] 1692g of the FDCPA[.]" *Collectional Pros., Inc. v. McDonough Dist. Hosp.*, No. 4:22-cv-04078, 2022 WL 7454116, at *1 (C.D. Ill. Oct. 13, 2022) (alterations added). And Count IV of the Complaint alleges a violation of 15 U.S.C. section 1692g. (*See* Compl. ¶¶ 79–85). But nowhere within 12 C.F.R. section 1006.34 does the CFPB state that compliance with the *regulation*'s requirements — by use of the Model Form or otherwise — suffices as compliance with the corresponding *statutory* requirements of 15 U.S.C. section 1692g; indeed, the regulation states that use of the Model Form means only that that a debt collector has "complie[d] with the information and form requirements . . . *of this section*." 12 C.F.R. § 1006.34(d)(2)(i) (alterations and emphasis added). In other words, while use of the Model Form might be sufficient to provide the information required by 12 C.F.R. section 1006.34, it does not guarantee compliance with the requirements of 15 U.S.C. section 1692g.[2]

Moreover, even if use of the Model Form might provide a safe harbor for some of section 1692g's statutory requirements, a safe harbor for the *form* of provided information is different from a safe harbor for the *substance* of that information. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1244–45 (11th Cir. 2019) (using a regulatory agency's model form provides a safe harbor only for the "form" of providing required information, but not as to the "substance" of the underlying statute's required information). In *Tims*, the safe harbor was at least created by statute,

---

[2] Notably, in other regulations, the CFPB has explicitly linked regulatory and statutory compliance. *See* 12 C.F.R. § 1006.6(d)(3) (describing information and procedures which the CFPB deems sufficient to satisfy certain FDCPA statutory requirements). The CFPB has not done so here. *See generally id.* § 1006.34.

*see id.*; here, the safe harbor Defendant relies on is created by a regulation which explicitly states it only provides coverage for regulatory — not statutory — compliance, *see* 12 C.F.R. section 1006.34(d)(2). Defendant identifies no authority, within the regulation or otherwise, for its assertion that this limited regulatory safe harbor was also intended to be a broader statutory one. (*See generally* Mot.; Reply).

Defendant's reliance on the Model Form to escape liability from Plaintiff's other three claims — the claims not asserting violations of section 1692g — suffers from a further flaw: a regulation prescribing additional requirements under 15 U.S.C. section 1694g has little, if anything, to say about the separate statutory requirements of sections 1692d, 1692e, or 1692f. *See Collectional Pros., Inc.*, 2022 WL 7454116, at *1. And section 1006.34(d)(2) makes clear that the Model Form only establishes that Defendant "complie[d] with the information and form requirements of [section 1006.34.]" 12 C.F.R. § 1006.34(d)(2)(i) (alterations added). If compliance with that specific regulation's "form" does not *per se* equate to compliance with its corresponding statutory "substance," *Tims*, 935 F.3d at 1244–45, it surely does not equate to compliance with a *different* statute's substance. Defendant seemingly concedes its own awareness that use of the Model Form only speaks to regulatory compliance with 12 C.F.R. section 1006.34. (*See* Mot. 7 ("The Letter follows the [Model Form] which ensures . . . complian[ce] with [section] 1006.34(d)(2)." (alterations added)).

At bottom, Defendant's arguments regarding use of the Model Form are inapt here; use of the Model Form alone does not provide a *per se* bar to Plaintiff's claims.

  C. <u>**Counts II, III, and IV state plausible claims for relief.**</u>

Putting the Model Form aside, the Court next addresses those claims that survive Defendant's Motion — Counts II, III, and IV — before turning to the one claim in Count I that

9

does not. Plaintiff's second, third, and fourth claims allege, respectively, violations of 15 U.S.C. sections 1692e, 1692f, and 1692g. (*See* Compl. ¶¶ 69–85). As discussed, section 1692e prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means in connection with [a] [debt's] collection[,]" 15 U.S.C. § 1692e (alterations added); section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect" a debt, *id.* § 1692f; and section 1692g requires that debt collectors provide certain information in their initial communications with a debtor, including "the amount of the debt[,]" *id.* § 1692g(a)(1) (alteration added).

Aside from reliance on the Model Form, Defendant's arguments for dismissing the remaining claims are summary at best. (*See generally* Mot.; Reply). Nonetheless, Defendant attempts to argue they should be dismissed for failing to state plausible claims for relief. (*See* Mot. 11 ("Neither the CFPB or [sic] FDCPA require [sic] the letter to be dated[.]" (alteration added)); *id.* 12–13 (discussing "least sophisticated consumer standard" applied to FDCPA claims)). In response, Plaintiff argues that the Letter, because of the missing date, establishes plausible violations of the FDCPA. (*See* Resp. 15–19).

To prevail on a claim under the FDCPA, a plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[3] *Bohringer v. Bayview Loan Servicing, LLC*, 141 F. Supp. 3d 1229, 1235 (S.D. Fla. 2015) (quotation marks and citation omitted); *see also Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012). Courts apply the "least-sophisticated consumer" test in evaluating whether a debt collector's communication violates section 1692e, 1692f, or 1692fg

---

[3] The parties do not dispute the first two elements are satisfied here. (*See generally* Mot.; Resp.).

of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94, 1200 (11th Cir. 2010) (footnote call number, quotation marks, and citation omitted); *see also Howard v. Client Servs., Inc.*, No. 0:17-cv-62425, 2018 WL 10345280, at *3 (S.D. Fla. Aug. 21, 2018); *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 882 n.2 (11th Cir. 2017) (noting that while this Circuit has not definitely "extended that standard to" section 1692g claims, there is "no reason to disagree with [the] other circuits" that have already done so (citations omitted; alteration added)).

Under the least-sophisticated consumer standard, "[t]he inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *Green v. Specialized Loan Servicing LLC*, 766 F. App'x 777, 781 (11th Cir. 2019) (alteration added; citations and quotation marks omitted). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (quotation marks and citation omitted). The test has an objective component: "while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* (alterations adopted; citations and quotation marks omitted). Even when section 1692g is violated, "the absence of one or more of [section 1692g's] statutory requirements . . . is actionable as a violation of" sections 1692e and 1692f only "if the variance is one that would tend to mislead the least sophisticated consumer." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (alterations added; citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985)).

*i.  Count IV*

Because a violation of 15 U.S.C. section 1692g can itself serve as a predicate for violations of sections 1692e and 1692f, *see Caceres*, 755 F.3d at 1303, and because Count IV alleges a violation of section 1692g (*see* Compl. ¶¶ 79–85), the Court addresses Count IV first.  Plaintiff alleges in Count IV that the Letter "[f]ail[ed] to properly provide the amount of the debt, by pegging it to an unknown date" and by "engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of [Plaintiff]'s right to dispute the debt." (*Id.* ¶¶ 82, 84 (alterations added)).  Defendant states it complied with section 1692g because the Letter makes it "clear the amount of the debt had not changed and there was no additional interest or fees added to the original balance." (Reply 3–4).  The Court does not agree with Defendant's interpretation of the Letter.  Plaintiff has plausibly plead a straightforward violation of section 1692g(a)(1).

"To satisfy [section] 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Leonard*, 713 F. App'x at 882–83 (alteration added; quoting *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 321 (7th Cir. 2016); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).  Section 1692(g)(a)(1) requires that a debt collector provide, either in the original communication to the debtor or "within five days after" that initial communication, "the amount of the debt[.]"  15 U.S.C. § 1692g(a)(1) (alteration added).

It is true that "strict compliance with the FDCPA's mandate that a debt collector's initial communications state 'the amount of the debt' is often impossible, especially where variable interest and other items accrue day-to-day." *Gesten v. Phelan Hallinan, PLC*, 57 F. Supp. 3d 1381,

1387 (S.D. Fla. 2014). And "[e]ven if the statement is accurate when the letter is drafted and sent, it may not be accurate by the time it is received." *Id.* at 1387–88 (alteration added).

The undated Letter here could be easily interpreted by a reasonable consumer, let alone the least-sophisticated consumer, *see LeBlanc*, 601 F.3d at 1194, as not stating the full amount of the debt. The Letter informs Plaintiff of the amount of debt he owed "[a]s of December 31, 2021[.]" (Letter 2 (alterations added)). It then lists the amounts in interest and fees he was charged "[b]etween December 31, 2021 and today[;]" as well as the amount he "paid or [was] credited toward the debt[.]" (*Id.* (alterations added)). Finally, it lists the "[t]otal amount of the debt now[.]" (*Id.* (alterations added)). Defendant insists this suffices, as "the Letter clearly states the amount that is owed and due" (Mot. 13), and "it is clear the amount of the debt had not changed and there was no additional interest or fees added to the original balance" (*id.* 7).

But the Letter does not contain the information Defendant relied on to reach this conclusion, nor is it alleged that Defendant provided that information "[w]ithin five days" of sending the Letter. 15 U.S.C. § 1692g(a) (alteration added). Even if the amount of the debt had not *yet* been altered, the Letter provides no means by which Plaintiff might assess whether, and by how much, the debt might increase in the future if he did not promptly pay Defendant. *See Gesten*, 57 F. Supp. 3d at 1388 (noting that the FDCPA "would have [been] satisfied" if the defendant had "provided [the] [p]laintiff with a payoff amount as of the date of the letters *and* supplied the information required to calculate the payoff amount for some reasonable number of days into the future" (alterations and emphasis added)); (*see also* Compl. ¶ 33 ("Plaintiff was [] misled as to the . . . debt for it was not associated with a particular date." (alterations added))).

While "[t]he least sophisticated consumer can be presumed to possess . . . a willingness to read a collection notice with some care[,]" *LeBlanc*, 601 F.3d at 1194 (alterations added; quotation

13

marks and citation omitted), even a careful reading of the Letter does not reveal whether, and by how much, the debt might increase (*see generally* Letter). If the Court finds it difficult to determine this basic, critical information regarding the "amount of the debt[,]" 15 U.S.C. § 1692g(a)(1) (alteration added), it is neither "bizarre [n]or idiosyncratic" for the "least sophisticated consumer" to face a similar issue, *see LeBlanc*, 601 F.3d at 1194 (alteration added; citation and quotation marks omitted).

At bottom, the Letter makes multiple references to a timeline against which Defendant assessed the debt, including interest and fees. (*See* Letter 2). But the Letter provides no date or corresponding information, aside from the initial date when the debt was incurred — December 31, 2021. (*See id.*). That "withholding [of] the date" both "misled" Plaintiff and "made it confusing for him to understand the nature of the [] debt." (Compl. ¶¶ 33, 39 (alterations added)); *see also Leonard*, 713 F. App'x at 882–83. It is more than reasonable to infer from, and even agree with the plausibility of Plaintiff's allegations, that a recipient of the Letter would be misled as to the amount of the debt. *See Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016) (explaining that courts "draw[] all reasonable inferences in a plaintiff's favor" when evaluating a motion to dismiss (alteration added; citation omitted)).

Accordingly, Plaintiff has plausibly alleged the means by which the Letter did not provide "the amount of the debt[.]" 15 U.S.C. § 1692g(a)(1). Count IV states a claim for relief.

  *ii.* *Counts II and III*

The plausible violation of 15 U.S.C. section 1692g also serves to establish plausible violations of sections 1692e and 1692f. As discussed, section 1692e prohibits debt collectors from using "false, deceptive, or misleading representation[s] or means in connection with [a] [debt's] collection[,]" 15 U.S.C. § 1692e (alterations added); and section 1692f prohibits debt collectors

14

from using "unfair or unconscionable means to collect or attempt to collect" a debt, *id.* § 1692f. A section 1692g violation can establish violations of sections 1692e and 1692f if the violation is "one that would tend to mislead the least sophisticated consumer." *Caceres*, 755 F.3d at 1303 (citation and footnote call number omitted); *see also LeBlanc*, 601 F.3d at 1193–94, 1200 (applying least-sophisticated consumer test to section 1692e and section 1692f claims).

As explained, the undated Letter might plausibly "mislead[]" the least-sophisticated consumer with regard to the outstanding amount of the debt. 15 U.S.C. § 1692e (alteration added); *see also id.* § 1692g(a)(1). "[D]raw[ing] all reasonable inferences" in Plaintiff's favor, *Bailey*, 843 F.3d at 480 (alterations added; citation omitted), the least-sophisticated consumer could have been plausibly misled as to the amount of the debt by the Letter's lack of a date (*see* Compl. ¶ 72).

For the same reasons, Plaintiff's allegations concerning the undated Letter also suffice to state a plausible violation of 15 U.S.C. section 1692f. While the Letter may not fit neatly into the potential examples listed in sections 1692f(1)–(8), the statute cautions that those examples are not intended to "limit[] the general application" of the prohibition on "unfair or unconscionable means" of debt collection. *Id.* (alteration added). And that general application reaches broadly. *See LeBlanc*, 601 F.3d at 1200 ("The plain meaning of 'unfair' is 'marked by injustice, partiality, or deception' . . . '[A]n act or practice is deceptive or unfair if it has the tendency or capacity to deceive.'" (alterations added; other alteration adopted; citation and footnote call number omitted)).

Taking Plaintiff's allegations as true, the Letter's misleading nature might very well be "unfair or unconscionable" to the least-sophisticated consumer. 15 U.S.C. § 1692f. The undated Letter allegedly obscured the full amount of the debt (*see* Compl. ¶¶ 69–78), and "disadvantage[d] [] Plaintiff from making an educated decision regarding the [] debt[" (*id.* ¶ 77 (alterations added)). Once more, it would be neither "bizarre [n]or idiosyncratic" for the "least sophisticated

consumer[,]" *LeBlanc*, 601 F.3d at 1194 (alterations added; citation and quotation marks omitted), to view this "deceptive" practice (Compl. ¶ 63) as, at the very least, "unfair[,]" 15 U.S.C. § 1692f (alteration added); *see also LeBlanc*, 601 F.3d at 1200.

In sum, Plaintiff's allegations suffice to state plausible claims for relief in Counts II, III, and IV for violations of sections 1692e, 1692f, and 1692g, respectively.

### D. Count I is dismissed.

The Court now turns to Plaintiff's first claim, which alleges a violation of 15 U.S.C. section 1692d. (*See* Compl. ¶¶ 64–68). Defendant argues that undated debt collection letters do not violate section 1692d. (*See* Mot. 12 (discussing *Byes v. Telecheck Recovery Servs., Inc.*, 173 F.R.D. 421, 425 n.6 (E.D. La. 1997))). Plaintiff, by contrast, insists that Defendant violated this section when it "failed to properly advise Plaintiff of the total amount of the debt at issue by tying the amount owed to 'today' but wholly failing to provide any indication as to what date 'today' represented." (Resp. 19). Plaintiff's arguments do not persuade, and Count I is due to be dismissed.

Section 1692d prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d (alteration added). Unlike Plaintiff's other alleged FDCPA violations, a section 1692d claim is not assessed under the "least-sophisticated consumer" standard; rather, this claim is addressed under an "adapted" standard, that is, "from the perspective of a consumer whose circumstances makes [sic] him relatively more susceptible to harassment, oppression, or abuse." *LeBlanc*, 601 F.3d 1185, 1201 n.33 (emphasis omitted; quoting *Jeter*, 760 F.2d at 1179). To state a violation of section 1692d, "[i]t is not enough that a debt collector's actions caused the consumer 'embarrassment, inconvenience, and further expense,' but rather those actions must 'manifest a tone of intimidation[.]'" *Middlebrooks v. Sacor Fin., Inc.*, 775 F.

App'x 594, 597 (11th Cir. 2019) (alterations added; quoting *Miljkovic v. Shafritz and Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015)).

The parties make no attempt to address this adapted standard. (*See generally* Mot.; Resp.; Reply). The Complaint provides little information regarding Plaintiff's circumstances beyond his Florida residency, his alleged debt, and his receipt of the Letter. (*See* Compl. ¶¶ 7, 21, 29). Plaintiff's Response does not provide further details and only invokes the least-sophisticated consumer standard. (*See generally* Resp.). Even if the parties had referenced the proper standard, the factual allegations provide the Court with no information to determine whether Plaintiff is a "consumer whose circumstances make[] him relatively more susceptible to harassment, oppression, or abuse." *Jeter*, 760 F.2d at 1179 (alteration added); *see also id.* ("Whether a consumer is more or less likely to be harassed, oppressed, or abused by certain debt collection practices does not relate solely to the consumer's relative sophistication[.]" (alteration added)); *Middlebrooks*, 775 F. App'x at 597–98 (applying adapted standard).

Count I suffers from a further deficiency. Plaintiff has not provided any factual allegations — let alone plausible ones — demonstrating "harass[ment], oppress[ion], or abuse" by Defendant. 15 U.S.C. § 1692d (alterations added). While Plaintiff need only state a plausible claim for relief, it is not enough "to plead that the defendant broke the law and injured [Plaintiff] in doing so." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 933–34 (11th Cir. 2020) (alteration added; quotation marks omitted). The Court will not fill in the gaps where Plaintiff has alleged little more than a "mere[] . . . reiteration of the statutory violation." *Id.* at 934 (alterations added).

Plaintiff again relies on the Letter's lack of a date as the basis for the alleged violation. While the Letter may have plausibly deceived Plaintiff, "[d]eception[s] or falsehood[s] . . . [are]

17

wholly different from the conduct condemned in . . . [section] 1692d." *Jeter*, 760 F.2d at 1179 (alterations added). Plaintiff provides no allegations in his Complaint, or authority in his Response, to support the notion that a single, undated Letter — and nothing more — rises to the level of "intimidation" by Defendant. *Middlebrooks*, 775 F. App'x at 597 (citation and quotation marks omitted). Plaintiff's summary accusation that "Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated . . . 15 U.S.C. [section] 1692d" (Compl. ¶ 65) is not enough. An undated letter, with little else, is not "the type of coercion and delving into the personal lives of debtors that [section] 1692d in particular[] was designed to address." *Miljkovic*, 791 F.3d at 1305 (alterations added; citations omitted).

Even "draw[ing] all reasonable inferences" in Plaintiff's favor, this is not a plausible violation of section 1692d. *Bailey*, 843 F.3d at 480 (alteration added; citation omitted). And when, as here, a claim lacks "sufficient factual matter" to be "plausible on its face[,]" it will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (alteration added; citation and quotation marks omitted). Count I is thus due to be dismissed.

## IV. CONCLUSION

Plaintiff plausibly alleges violations of 15 U.S.C. sections 1692e, 1692f, and 1692g, but Plaintiff has not plausibly alleged a violation of section 1692d. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED in part and DENIED in part**. Count I is dismissed. Counts II, III, and IV remain.

**DONE AND ORDERED** in Miami, Florida, this 9th day of February, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record